# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-CR-00295-004

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL BYRD,

    Defendant.

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, Michael Byrd, by his lawyer, Joseph Saint-Veltri, and pursuant to Rule 32 (f) of the Federal Rules of Criminal Procedure he informs this Honorable Court that he objects to portions of the Presentence Investigation Report (hereinafter "PSI" and filed as Doc. #265), as follows:

1. Defendant objects to Paragraph 43 of the PSI Report on the grounds that it is inconsistent with Part VI (C) of the Plea Agreement (Doc. #218) which states that, "…the defendant should receive a -4 level adjustment as a minimal participant" (pg. 7, Plea Agreement).

2. Paragraph 43 of the PSI pivots on the probation officer's finding that the Defendant "was aware that his co-defendants were planning to retaliate for an earlier drive-by shooting at the co-defendant Hernandez's residence" (pg. 11, PSI Report). This finding assumes that the Defendant knew that on January 28th when he got into the car that the driver and or other passengers had a plan to engage in a shooting.

     However, there is no evidence that the Defendant knew (and was therefore "aware") that a shooting was planned to occur when he got into the car.

3. That the investigators and Prosecutor have no evidence that the defendant knew that the shooting was going to occur until it actually happened and therefore determined that the Defendant's role was minimal within the ambit of USSG § 3B1.2(a). It should be noted that at the time of the shooting event, the Defendant had both of his wrists in casts and was under the influence of prescribed painkillers.

4. That the pertinent *Commentary* to USSG § 3B1.2(a) states that the 4-point reduction for a minimal participant, "…is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group" (Application Notes, 4).

5. The rendition of facts relative to the shooting event demonstrates that the Defendant was, if not the least culpable, certainly "among the least culpable of those involved in the conduct" of the group that engaged in the shooting (See Application Notes, 4).

6. The Defendant therefore objects to Paragraph 49 of the PSI Report and maintains that the Total Offense Level should be 20 not 24.

7. The Defendant objects to Paragraph 62 of the PSI Report. Asserting that, his Criminal History Category should be II not III.

8. The objection in the forgoing paragraph is based on USSG § 4A1.3.(b)(1). The Defendant maintains that Criminal History Category III substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. This contention will be the subject of a Motion for Downward Departure.

9. The Defendant objects to the Sentencing Recommendation (R-1, PSI Report). He maintains that the applicable sentencing range should be 37-46 months.

10. That consistent with paragraph 104 of the PSI Report, the Defendant will be filing a Motion For A Non-Guideline (Variant) Sentence.

Respectfully submitted,

/*s/ Joseph Saint-Veltri*/
JOSEPH SAINT-VELTRI
Law Office of Joseph Saint-Veltri
709 Clarkson Street
Denver, CO 80218
jsvlawoffice@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all interested parties.

/s/ Joseph Saint-Veltri
JOSEPH SAINT-VELTRI
Law Office of Joseph Saint-Veltri
709 Clarkson Street
Denver, CO 80218
jsvlawoffice@gmail.com